T.C. Memo. 1998-96


UNITED STATES TAX COURT


LARRY L. BENNETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8126-95.                    Filed March 9, 1998.


Larry L. Bennett, pro se.

<u>Albert B. Kerkhove</u>, for respondent.


MEMORANDUM OPINION


FAY, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes and additions to tax as
follows:

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1987 | $15,678 | $3,919.50 | $841.61 |
| 1988 | 15,435 | 3,858.75 | 992.88 |
| 1989 | 16,301 | 4,075.25 | 1,102.42 |
| 1990 | 16,721 | 4,180.25 | 1,094.74 |
| 1991 | 17,410 | 4,352.50 | 994.99 |
| 1992 | 18,145 | 4,536.25 | 791.41 |
| 1993 | 19,059 | 4,764.75 | 798.56 |

All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The issues for decision are: (1) Whether petitioner earned income during the years 1987 through 1993 in the amounts determined by respondent; (2) whether petitioner is liable for self-employment taxes as determined by respondent; (3) whether petitioner is entitled to deductions in excess of those determined by respondent; (4) whether petitioner is liable for the additions to tax provided by section 6651(a)(1) for failure to timely file a Federal income tax return; and, (5) whether petitioner is liable for the additions to tax provided by section 6654(a) for failure to make estimated tax payments.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. During the years at

issue, petitioner did not file Federal income tax returns.  At the time the petition was filed, petitioner resided in Runnells, Iowa.

During the years at issue, petitioner worked as a business consultant.  For a number of years during this period, petitioner was paid by Larryann Hunt, Inc. for rendering consulting services.  The services provided to Larryann Hunt, Inc., primarily consisted of bookkeeping functions.  It is not clear how many other clients petitioner worked for during these years, and petitioner has not provided any documentary evidence relating to the amount of consulting income that he earned from 1987 through 1993.

Petitioner is a general partner in Cedar Grove Limited Partnership (Cedar Grove).  Petitioner's four children are limited partners in this partnership.[1]  Cedar Grove is the record owner of a farm, and, from 1988 through 1993, this farm was rented to an individual named Ken Cheers.  Petitioner received rental checks from Ken Cheers and deposited them into various checking accounts.  Petitioner maintained a number of checking accounts in the name of Cedar Grove.  At times, petitioner used money from the accounts of Cedar Grove to pay his personal living expenses.  It is not clear whether all of the checks petitioner

_____

[1]It is not clear whether petitioner's wife is a general partner or a limited partner of Cedar Grove Limited Partnership.

received from Ken Cheers were deposited into the Cedar Grove bank accounts.

Revenue Agent Pamela Reicks (Ms. Reicks) was assigned to examine the tax liabilities of petitioner. Ms. Reicks first obtained information and documents from within the Internal Revenue Service through the information returns program. This program compiles information on taxpayers based upon informational returns submitted to the IRS, such as Forms 1099 and Forms W-2.

Ms. Reicks then contacted petitioner and requested additional information. Petitioner responded that he believed the current tax system was a voluntary system, and he had no intention of volunteering and filing returns. Petitioner therefore did not provide Ms. Reicks with the information she requested. Ms. Reicks reviewed the materials she did possess and concluded that she did not have enough information to determine petitioner's income accurately.

In order to determine the amount of petitioner's income for the years 1987 to 1993, respondent relied on data obtained from the Bureau of Labor Statistics (BLS). This data detailed what it would cost a family to live, given petitioner's profession as a business consultant. Thus, using the BLS data, respondent determined that petitioner earned income of $44,939, $46,747,

$48,847, $51,436, $53,732, $56,169, $58,697 for the taxable years 1987 to 1993, respectively.

<u>Discussion</u>

Section 61 provides that gross incomes includes income derived from a business and as compensation for services. This income is subject to the tax imposed by section 1. Section 63(b) provides that, in the case of an individual who does not elect to itemize deductions, the term "taxable income" means gross income minus the standard deduction and the deduction for personal exemptions. Respondent allowed petitioner these deductions.

Taxpayers are required to maintain books and records sufficient to establish the amount of their gross income. Sec. 6001. If the taxpayer fails to do this, then respondent is entitled to reconstruct the taxpayer's income through the use of any reasonable method. <u>Holland v. United States</u>, 348 U.S. 121 (1954). The reliance on BLS statistics in reconstructing a taxpayer's income has been held to be reasonable. See <u>Giddio v. Commissioner</u>, 54 T.C. 1530, 1533 (1970).

In this case, petitioner neither filed Federal income tax returns nor provided respondent with any books and records concerning his business income or compensation income. Respondent has linked petitioner to income from his farm rental activities and his consulting services. In these circumstances, respondent has broad latitude to reconstruct petitioner's income

using the BLS data.  See <u>id.</u>  We find that respondent's reconstruction of petitioner's income using the BLS statistics was reasonable under these circumstances.

Petitioner argues that respondent's determination is arbitrary and excessive, and therefore respondent has the burden of proving that he had taxable income.  See <u>Day v. Commissioner</u>, 975 F.2d 534, 537 (8th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-140.  Petitioner bears the burden of proving that the determination is arbitrary and excessive.  <u>Id.</u>  While we agree with some of petitioner's statements of the law, we disagree with petitioner's conclusion as it applies to this case.[2]

In certain cases, courts will not sustain a deficiency determination unless there is some predicate evidence that the taxpayer received income from an activity.  <u>United States v. Janis</u>, 428 U.S. 433, 441-442 (1976); <u>Day v. Commissioner</u>, <u>supra</u> at 537; <u>Anastasato v. Commissioner</u>, 794 F.2d 884, 887 (3d. Cir. 1986), vacating T.C. Memo. 1985-101.  The evidentiary foundation

---

[2]Petitioner also argues that we lack subject matter jurisdiction because the notice of deficiency was invalid.  See <u>Scar v. Commissioner</u>, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983).  In this case, the notice of deficiency explains respondent's determinations in detail, including the basis for, and computation of, the income determinations.  We therefore reject this argument and conclude that the notice of deficiency is valid.  See <u>Campbell v. Commissioner</u>, 90 T.C. 110 (1988).

need only be minimal.  Weimerskirch v. Commissioner, 596 F.2d 358, 361 (9th Cir. 1979), revg. 67 T.C. 672 (1977).

Petitioner's primary contention is that respondent has the burden of proof in this case because it involves an under-reporting of income.  However, as previously discussed, respondent has successfully linked petitioner to several income-generating activities.  Therefore, the burden of proof rests squarely with petitioner.  Petitioner's testimony at trial was vague, diffuse, and did not address the factual issues in dispute.  We conclude petitioner has not produced sufficient evidence to carry his burden of proof.  Accordingly, we sustain respondent's notice of deficiency with respect to the unreported income.

Respondent determined that petitioner was liable for self-employment taxes under section 1401.  On brief, petitioner failed to address this issue.  We treat this failure as, in effect, a concession by petitioner.  See subparagraphs (4) and (5) of Rule 151(e); Money v. Commissioner, 89 T.C. 46, 48 (1987).

Respondent also determined that petitioner was entitled to the standard deduction and exemptions for himself and his wife. The BLS table that respondent used to determine petitioner's income indicates that the average family unit contains a child under the age of 18.  Under these circumstances, we are persuaded that respondent should have allowed petitioner an additional

exemption for a dependent child.  Accordingly, we conclude that petitioner is entitled to an additional exemption for each year at issue.

Finally, respondent determined that petitioner is liable for the addition to tax for failure to file a timely return under section 6651(a)(1) and the addition to tax for failure to pay estimated income tax under section 6654(a).  Petitioner has not put forth any evidence to indicate that his failure to file tax returns was due to reasonable cause and not due to willful neglect.  Sec. 6651(a); United States v. Boyle, 469 U.S. 241 (1985).  Further, petitioner has not shown that he satisfied any of the exceptions under section 6654.  Accordingly, we sustain respondent's determinations on these issues.

To reflect the foregoing,

Decision will be entered

under Rule 155.