T.C. Memo. 1998-376


UNITED STATES TAX COURT


ALAN MICHAEL NEWMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 358-97.                    Filed October 16, 1998.


Alan Michael Newman, pro se.

Michael F. Steiner, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


PARR, Judge:  Respondent determined deficiencies in, and
additions to, petitioner's Federal income taxes as follows:

|  | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1990 | $7,204 | $1,651 | $428 |
| 1991 | 8,339 | 2,049 | 468 |
| 1993 | 9,013 | 2,253 | 378 |

All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The issues for decision are: (1) Whether for 1990, 1991, and 1993 petitioner received and failed to report wages and nonemployee compensation of $9,130, $12,158, and $22,927, respectively. We hold he did. (2) Whether for 1990, 1991, and 1993 petitioner received and failed to report additional income of $21,178, $19,771, and $10,913, respectively. We hold he did not. (3) Whether for 1990, 1991, and 1993 petitioner is liable for an addition to tax pursuant to section 6651(a)(1). We hold he is. (4) Whether for 1990, 1991, and 1993 petitioner is liable for an addition to tax pursuant to section 6654(a). We hold he is.

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioner resided in Santa Clara County, California.

FINDINGS OF FACT

During 1990, petitioner was employed by C.K. Trucking and received wages and nonemployee compensation of $7,855 and $1,275, respectively.

During 1991, petitioner was employed by Appraisal Tech and the San Jose Mercury News. Petitioner received $2,296 and $7,875 of wages and nonemployee compensation, respectively, from Appraisal Tech. Petitioner received nonemployee compensation of $1,987 from the San Jose Mercury News.

During 1993, petitioner was employed by Kushner & Robertson and received wages of $22,927.

In addition, respondent increased petitioner's income using amounts determined from statistical data compiled by the Bureau of Labor Statistics. In calculating petitioner's income based on Bureau of Labor Statistics' data, respondent selected 10 tables which he believed were representative of petitioner's age, race, family/earning composition, and geographics. These 10 tables totaled income of $278,512, which respondent divided by 10 to get a base income of $27,851 for taxable year 1988. Respondent increased the 1988 base year amount for inflation to determine the 1990, 1991, and 1993 Bureau of Labor Statistics income amounts for petitioner of $30,969, $31,929, and $33,840, respectively.[1]

---

[1] Respondent introduced at trial the revenue agent's workpapers showing how the Bureau of Labor Statistics tables were used. Petitioner objected because he was not shown the workpapers prior to their introduction at trial. Because respondent did not show the workpapers to petitioner 15 days before trial, as required by the standing pretrial order, the workpapers were received only to show how the amount in the statutory notice of deficiency was calculated, not for the truth

(continued...)

Respondent had little information regarding petitioner when the tables representing petitioner's characteristics were selected.  Respondent was unsure how petitioner's age was determined.  Apparently, petitioner's race was presumed by the revenue agent's observations.  Respondent did not have petitioner's specific physical address and used only a general Bay Area statistic.  The record is silent regarding how petitioner's marital status and family composition were determined.  Respondent also classified petitioner as a renter; however, the record is silent as to if and where a title search was conducted.

Petitioner did not file Federal income tax returns for the taxable years in issue.

OPINION

Issue 1.  Unreported Wages and Nonemployee Compensation

Respondent determined that petitioner received and failed to report wages and nonemployee compensation of $9,130, $12,158, and $22,927 for 1990, 1991, and 1993, respectively.

Petitioner does not challenge the merits of respondent's determination.  Petitioner testified that he is not a tax protester.  Petitioner's arguments, however, consisted of hackneyed tax protester rhetoric that has been universally

[1](...continued)
of the numbers shown therein.

rejected by this and other courts. See, e.g., <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225. We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice to say, petitioner is subject to Federal income tax during the relevant years, and we sustain respondent's determination.

<u>Issue 2. Additional Unreported Income</u>

Utilizing Bureau of Labor Statistics' data, respondent determined that, in addition to the above referenced wages and nonemployee compensation, petitioner had unreported income of $21,178, $19,771, and $10,913 for 1990, 1991, and 1993, respectively.

Every taxpayer is required to maintain adequate records of taxable income. Sec. 6001. Petitioner did not maintain adequate records from which the amount of his income or Federal income tax liability could be computed. In the absence of such records, a taxpayer's income may be reconstructed by any method that, in the Commissioner's opinion, clearly reflects income. Sec. 446(b); <u>Parks v. Commissioner</u>, 94 T.C. 654, 658 (1990). The Commissioner's method need not be exact but must be reasonable. <u>Holland v. United States</u>, 348 U.S. 121 (1954). The reliance on

Bureau of Labor Statistics' data in reconstructing a taxpayer's income has been held to be reasonable. <u>Giddio v. Commissioner</u>, 54 T.C. 1530 (1970); <u>Bennett v. Commissioner</u>, T.C. Memo. 1998-96.

Respondent attempted to obtain information from petitioner once he had been identified as a nonfiler. Petitioner was not cooperative. Respondent obtained information from the various institutions that reported Form 1099 information regarding petitioner. Respondent reconstructed petitioner's income using this Form 1099 data. Respondent also increased petitioner's income using amounts determined from the Bureau of Labor Statistics. In doing so, respondent increased petitioner's 1990, 1991, and 1993 taxable income by $21,178, $19,771, and $10,913, respectively.

Petitioner testified that he was single and that his living expenses were minimal. Petitioner spent some part of the years in issue living rent free with a friend. When petitioner did pay rent during the years in issue, it varied from $250 to $350 per month, which included utilities.[2] Petitioner did not eat out very often. Petitioner's phone bill was approximately $25 per month. Petitioner did not have any medical expenses during the years in issue and did not have medical insurance. Petitioner

---

[2] Petitioner also testified that this amount included food. From this amount approximately $20 to $30 per week was spent on groceries.

did, however, maintain a car during the years in issue, a 1979 Ford Pinto.

Petitioner has disproven that he had the additional income determined by respondent by showing that his expenses were in fact less than would be inferable from the Bureau of Labor Statistics' data and did not exceed the amounts of wages and nonemployee compensation identified above. Accordingly, we hold that petitioner is not liable for the additional deficiencies determined by respondent's utilizing Bureau of Labor Statistics' data for the years in issue.

Issue 3. Addition to Tax Under Section 6651(a)(1)

Respondent determined an addition to tax under section 6651(a)(1) for failure to file a return. Petitioner did not file Federal income tax returns for the years in issue. Accordingly, respondent's determination on this issue is sustained.

Issue 4. Addition to Tax Under Section 6654(a)

Respondent determined an addition to tax under section 6654(a) for underpayment of individual estimated tax. Petitioner failed to pay estimated tax during the years in issue. Accordingly, respondent's determination on this issue is sustained.

For the foregoing reasons,

Decision will be entered under Rule 155.