T.C. Memo. 2012-321

UNITED STATES TAX COURT

CAROL TRESCOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21320-09.                    Filed November 19, 2012.

Carol Trescott, pro se.

<u>Joel D. McMahan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Respondent issued a notice of deficiency determining the

following deficiencies in petitioner's Federal income tax and additions to tax

[*2] under sections[1] 6651(a)(1) and (2) and 6654:

|  |  | Additions to tax | | |
|  |  | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
| 2002 | $10,672 | $2,401.20 | $2,668.00 | $356.63 |
| 2003 | 10,871 | 2,445.98 | 2,717.75 | 280.51 |
| 2004 | 11,488 | 2,584.80 | 2,872.00 | 329.24 |
| 2005 | 12,957 | 2,915.33 | 2,461.83 | 519.75 |
| 2006 | 14,132 | 3,179.70 | 1,837.16 | 668.81 |
| 2007 | 24,122 | 5,427.45 | 1,668.54 | 1,097.84 |

Respondent conceded at trial that petitioner was entitled to section 163 deductions for mortgage interest as well as section 164 deductions for real estate taxes paid for the years at issue. The remaining issues for decision are: (1) whether respondent correctly determined that petitioner had gross income of $41,818, $42,850, $44,813, $49,087, $52,676, and $80,000 for tax years 2002, 2003, 2004, 2005, 2006, and 2007, respectively; (2) whether petitioner is entitled to any deductions under section 162 for ordinary and necessary business expenses incurred during the years at issue; (3) whether petitioner is liable for additions to

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code) in effect for the tax years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] tax under section 6651(a)(1) for failure to file Federal income tax returns timely for the years at issue; (4) whether petitioner is liable for additions to tax under section 6651(a)(2) for failure to pay Federal income tax timely for the years at issue; (5) whether petitioner is liable for additions to tax under section 6654 for failure to make estimated tax payments for the years at issue; and (6) whether a section 6673 penalty should be imposed upon petitioner.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by this reference. Petitioner resided in Florida when her petition was filed.

Petitioner has been a massage therapist licensed in the State of Florida since 1978. During the years at issue petitioner operated a massage therapy business from her home and was paid for her massage therapy services. Petitioner did not file any Federal income tax returns for the years at issue.[2]

In 2009 the Internal Revenue Service began an audit examination of petitioner. On June 1, 2009, respondent prepared substitutes for returns under section 6020(b) for tax years 2002 through 2007. Because petitioner dealt primarily in cash and refused to cooperate in the examination, respondent was

---

[2]Petitioner also did not file a Federal income tax return for tax year 2001.

[*4] forced to determine petitioner's income for tax years 2002 through 2006 using a combination of petitioner's known expenses[3] and Bureau of Labor Statistics (BLS) minimum living expense information for a single person with a mortgage in petitioner's geographic region.  For tax year 2007 respondent determined petitioner's income by using an amount petitioner reported on a credit application submitted to JP Morgan-Chase Bank in February 2007.

On June 3, 2009, respondent issued to petitioner the notice of deficiency for tax years 2002, 2003, 2004, 2005, 2006, and 2007.[4]  Petitioner timely filed a petition with this Court.

OPINION

I.  Respondent's Determinations of Income

It is well established that the Commissioner's determinations, as embodied in his statutory notices of deficiency, are presumed correct.  Welch v. Helvering, 290 U.S. 111 (1933).  The presumption is procedural and transfers to the taxpayer the burden of proving that the Commissioner's determinations are incorrect.  Barnes v. Commissioner, 408 F.2d 65 (7th Cir. 1969), aff'g T.C. Memo.

---

[3]Respondent was able to find records of petitioner's mortgage payments as well as real estate taxes paid to her county of residence by her mortgage lender.

[4]The amounts reflected in the notice of deficiency are the same as those reproduced in the above table.

**[*5]** 1967-250.  However, the burden of proof shifts to the Commissioner if the taxpayer can show that the Commissioner's determinations were arbitrary and excessive.  Helvering v. Taylor, 293 U.S. 507, 514-515 (1935); Berkery v. Commissioner, 91 T.C. 179, 186 (1988), aff'd without published opinion, 872 F.2d 411 (3d Cir. 1989).

A.  Tax Years 2002 through 2006

Section 61(a)(1) defines gross income as all income from whatever source derived including compensation for services such as wages, salaries, and bonuses.  See also sec. 1.61-2(a)(1), Income Tax Regs.  Taxpayers are required to maintain books and records sufficient to establish the amount of their gross income.  Sec. 6001.  If the taxpayer fails to do this, then the Commissioner is entitled to reconstruct the taxpayer's income through the use of any reasonable method.  See Holland v. United States, 348 U.S. 121 (1954); Giddio v. Commissioner, 54 T.C. 1530, 1532-1534 (1970).  Reliance on BLS statistics in reconstructing a taxpayer's income has been held to be reasonable.  Giddio v. Commissioner, 54 T.C. at 1533; Bennett v. Commissioner, T.C. Memo. 1998-96.

Petitioner admits that she conducted an ongoing massage therapy business during the years at issue.  Petitioner neither filed Federal income tax returns nor provided respondent with any books and records concerning her massage therapy

[*6] business. Respondent did his best to reconstruct petitioner's income by combining petitioner's known expenses with cost of living estimates presented by BLS statistics for tax years 2002 through 2006. The Court finds that respondent's efforts to reconstruct petitioner's income for tax years 2002 through 2006 were reasonable and the determinations resulting from those efforts were not arbitrary or excessive.

Petitioner failed to introduce any substantive evidence as to her income for the years at issue. Petitioner failed to carry her burden to prove that respondent's determinations were incorrect. Accordingly, respondent's determinations of gross income for tax years 2002 through 2006 are sustained.

B. Tax Year 2007

For tax year 2007 respondent reconstructed petitioner's income by relying on an application for a line of credit that petitioner filled out in February 2007. Petitioner contends that this method of reconstruction was unreasonable and that the notice of deficiency was arbitrary and excessive.

When a taxpayer asks the Court to find a statutory notice of deficiency to be arbitrary and excessive, he or she is asking the Court to look behind that notice. As a general rule, the Court will not honor such a request, even though the determination may have been based on hearsay or other inadmissible evidence.

**[*7]** Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984).  The rationale for the general rule is that a trial before the Court is a proceeding de novo, and determinations therefore are to be based upon the merits of the case and not upon the record developed at the administrative level.  Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974).

The Court has recognized exceptions to the general rule, however, in cases involving unreported income where the Commissioner introduced no substantive evidence but rested on the presumption of correctness and the taxpayer challenged the notice of deficiency on the grounds that it was arbitrary.  See Jackson v. Commissioner, 73 T.C. 394, 401 (1979).  All that is required to support the presumption of correctness is that the Commissioner's determination have some minimal factual predicate.  Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636.  It is only when the Commissioner's assessment is shown to be "without rational foundation" or "arbitrary and erroneous" that the presumption should not be recognized.  Pittman v. Commissioner, 100 F.3d 1308, 1317 (7th Cir. 1996), aff'g T.C. Memo. 1995-243.

[*8] Furthermore, the Court has held that it is reasonable for the Commissioner to reconstruct a taxpayer's income from self-reported income figures supplied by the taxpayer on a loan application. See Driggers v. Commissioner, T.C. Memo. 1997-354.

Respondent presented substantive evidence of his determination in the form of a credit application signed by petitioner in February 2007. As a result, it is the Court's opinion that the aforementioned exception to the general rule of refusing to look behind the notice of deficiency is inapplicable. Even if the exception were applicable, it cannot be said that respondent's decision to base his determination on the credit application was "without rational foundation" or "arbitrary and erroneous". The 2007 income figure respondent used was self-reported by petitioner to a federally insured institution on a signed credit application. Accordingly, respondent's determinations are presumed correct.

At trial petitioner did not produce any evidence beyond self-serving testimony that respondent's income determinations were incorrect. Petitioner was asked repeatedly by respondent's counsel to produce evidence relating to petitioner's income for the years at issue. Instead of attempting to prove her true

**[\*9]** income, petitioner only denied that respondent's determinations were accurate.[5] Petitioner failed to carry her burden of proving that respondent's determination was incorrect. Accordingly, respondent's determination of gross income for tax year 2007 is sustained.

## II. Business Expenses

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. An expense is ordinary if it is customary or usual within a particular trade, business, or industry, or relates to a transaction of common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the business. See Commissioner v. Heininger, 320 U.S. 467, 471 (1943). Taxpayers must keep sufficient records to substantiate any deductions otherwise allowed by the Code. Sec. 6001; Rule 142(a).

Petitioner failed to keep sufficient records of her business transactions or expenses for any of the years at issue. Although petitioner prepared an estimated expense spreadsheet representing purported expenses for the years at issue, she

---

[5]While the Court notes that the income attributed to petitioner for tax year 2007 was substantially more than for the other years at issue, petitioner failed to take advantage of several opportunities to provide any income information for tax year 2007.

[*10] furnished very little evidence to substantiate any of the expenses claimed.

The items of expense discussed below are the only ones for which petitioner

provided any evidence in substantiation beyond her estimated expense spreadsheet

and self-serving testimony. Accordingly, petitioner has failed to carry her burden of

proof with respect to all other items of expense for the years at issue.

A. Telephone Expenses

Petitioner furnished telephone bills she paid for a secondary telephone line

used in relation to her massage therapy business. The amounts she paid for the

years at issue were as follows:

|  | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|---|---|
| Amount paid | $741.97 | $584.35 | $636.09 | $619.65 | $657.18 | $684.69 |

Petitioner adequately established that the telephone account listed on the

records was indeed a secondary telephone line unrelated to her personal telephone.

Furthermore, the Court accepts petitioner's testimony that said records relate to a

phone used in the day-to-day operations of her massage therapy business. The

Court finds that those expenses were ordinary and necessary in carrying on her

massage therapy business. Accordingly, petitioner is entitled to section 162

deductions for expenses paid in relation to this telephone line.

**[*11]** B. <u>Massage Therapy License Expenses</u>

If a taxpayer establishes that he or she paid a deductible business expense but cannot substantiate the precise amount, the Court may estimate the amount of the deductible expense, bearing heavily upon the taxpayer whose inexactitude is of his own making. See <u>Cohan v. Commissioner</u>, 39 F.2d 540, 544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

Petitioner has sufficiently established that she was a massage therapist licensed in the State of Florida for the years at issue. The parties have stipulated that petitioner has been a licensed massage therapist for a number of years and have included certificates of verification in the stipulations of fact. Petitioner claimed her yearly licensing fees to have been $310 for each year at issue but did not offer any physical evidence to substantiate the precise amount. The Court takes judicial notice that according to the Florida Department of Health, through which official State licensure is issued, the yearly renewal for an individual massage therapy license is $155 and the yearly renewal for a massage therapy establishment is also $155, and that these fees are required to be paid in

[*12] conjunction.[6]  The Court finds that petitioner is entitled to a section 162

licensing expense deduction of $310 for each of the years at issue.

C.  Business Use of Home Deductions

Section 280A, in general, provides that no deduction is allowed with respect

to the use of a taxpayer's personal residence.  However, an exception is granted

where the deduction is allocable to a portion of the dwelling unit which is

exclusively used on a regular basis:  (1) as the principal place of business for any

trade or business of the taxpayer; (2) as a place of business which is used by

patients, clients, or customers in meeting or dealing with the taxpayer in the normal

course of his trade or business; or (3) in the case of a separate structure which is not

attached to the dwelling unit, in connection with the taxpayer's trade or business.

Sec. 280A(c)(1).

Petitioner has introduced evidence to show that she is a licensed massage

therapist.  Petitioner has also provided testimony and other evidence sufficient to

show that she operated her massage therapy business from a portion of her home

designated exclusively for business use.  However, even granting petitioner that

her home office qualifies for the exception under section 280A(c)(1), she has

---

[6]See generally Massage Therapy Renewal Information, Florida Department of Health, http://www.doh.state.fl.us/mqa/renewal/marenewal/ma_renewal.html.

**[\*13]** failed to substantiate any expenses beyond the mortgage interest and the real estate taxes that respondent has already conceded. Petitioner produced no utility bills or insurance bills to substantiate the pro rata deductions she claimed on her estimated expense spreadsheet. Additionally, petitioner did not allege that she was entitled to any depreciation for the business portion of her home, much less provide any evidence to that effect.

Petitioner provided adequate substantiation for the mortgage interest and real estate tax deductions respondent conceded. Petitioner also provided adequate evidence with which to calculate the percentage of her home that was dedicated to business use. However, respondent has already conceded both of these items as allowable deductions on Schedule A, Itemized Deductions, under sections 163 and 164. Petitioner has not established that she is entitled to any expenses related to the business use of her home greater than respondent has already allowed.

III. Additions to Tax

A. Section 6651(a)(1) Addition to Tax

Failure to file a tax return by the date prescribed leads to a mandatory addition to tax unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). For each month the return is late, an addition to tax equal to 5% of the amount of tax required to be shown on

**[*14]** the return shall be assessed, not exceeding 25% in the aggregate. Id. Under

section 7491(c), the Commissioner has the burden of production to show that the

imposition of an addition to tax under section 6651(a)(1) is appropriate. The parties

have stipulated that petitioner did not file Federal income tax returns for the years at

issue. Therefore, respondent has met his burden of production.

The burden of proving reasonable cause and lack of willful neglect falls on

the taxpayer. Rule 142(a); United States v. Boyle, 469 U.S. 241, 249 (1985);

Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Reasonable cause exists

where a return is late despite the taxpayer's exercising "ordinary business care and

prudence". Sec. 301.6651-1(c), Proced. & Admin. Regs. Circumstances that are

considered to constitute reasonable cause are typically those outside of the

taxpayer's control, for example: (1) unavoidable postal delays; (2) timely filing of a

return with the wrong office; (3) death or serious illness of the taxpayer or a member

of the taxpayer's immediate family; (4) taxpayer's unavoidable absence from the

United States; (5) destruction by casualty of taxpayer's records or place of business;

and (6) reliance on the erroneous advice of an Internal Revenue Service officer or

employee. McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g

T.C. Memo. 1995-547.

**[\*15]**  Petitioner stipulated that she did not file Federal income tax returns for the years at issue.  Petitioner's only argument was that she had studied the Code and found no section which she believed imposed an income tax on her.  This does not fall under any of the reasonable cause circumstances enumerated above and, in fact, was based on a misguided and self-serving interpretation of established tax law.  Accordingly, the Court sustains the additions to tax under section 6651(a)(1).

B.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax on taxpayers for their failure to pay timely the amount of tax shown on a return.  A substitute for return prepared by the Commissioner under section 6020(b) is treated as a return filed by the taxpayer for purposes of section 6651(a)(2).  Sec. 6651(g)(2); see also, e.g., Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Respondent has the burden to prove that substitutes for returns satisfying the requirements of section 6020(b) were prepared.  See Cabirac v. Commissioner, 120 T.C. 163, 170 (2003); Gleason v. Commissioner, T.C. Memo. 2011-154.  A return for section 6020(b) purposes must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a "return".  Spurlock v.

**[\*16]** <u>Commissioner</u>, T.C. Memo. 2003-124. The Court has held that these requirements have been met where the substitutes for returns consist of Forms 4549-A, Income Tax Examination Changes; Forms 886-A, Explanation of Items; and Forms 13496, IRC Section 6020(b) Certification, and the forms contain the taxpayer's name and Social Security number and sufficient information to compute a tax liability. <u>Gleason v. Commissioner</u>, T.C. Memo. 2011-154.

Respondent's substitutes for returns included Forms 4549-A, 886-A, and 13496. Furthermore, they contained petitioner's name and Social Security number and sufficient information upon which to compute a tax liability. Accordingly, respondent's substitutes for returns constitute valid section 6020(b) returns deemed to have been filed by petitioner for the purposes of section 6651(a)(2).

Respondent has shown that the prepared substitutes for returns for the years at issue were valid. Petitioner did not make any payments toward her Federal income tax liabilities for the tax years at issue. Respondent has therefore satisfied the burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax. Petitioner did not introduce evidence to show that her failure to pay was due to reasonable cause. Accordingly, petitioner is liable for the additions to tax under section 6651(a)(2).

**[*17]** C.  Section 6654 Addition to Tax

Section 6654(a) imposes an addition to tax for a taxpayer's underpayment of estimated income tax.  The addition to tax is calculated with reference to four installment payments each equal to 25% of the required annual payment.  Sec. 6654(c)(1), (d)(1)(A).  The annual payment is the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for such year), or (2) 100% of the tax shown on the taxpayer's return for the preceding taxable year.  Sec. 6654(d)(1)(B).  Option (2) does not apply where a taxpayer has not filed a return for the preceding taxable year.  Sec. 6654(d)(1)(B)(ii).

For the tax years at issue respondent introduced evidence to prove that petitioner had Federal income tax liabilities, petitioner was required to file Federal income tax returns, petitioner did not file returns, and petitioner did not make any estimated tax payments.[7]  Therefore, respondent met his burden under section 7491(c) to show that, for each tax year at issue, petitioner had a required annual payment under section 6654(d)(1)(B) but did not make any estimated tax payments.

_____

[7]Additionally, respondent introduced evidence that petitioner did not file a Federal income tax return for tax year 2001.  Accordingly, petitioner's estimated tax for each year could not be based on the amount of tax reported for the previous year.

[*18] Petitioner had taxable income for the years at issue. Petitioner did not make any estimated tax payments for tax years 2002 through 2007. In her filings with the Court petitioner did not allege that any of the statutory exemptions under section 6654(e) applies. Petitioner is therefore liable for the section 6654(a) additions to tax.

D. Section 6673 Penalty

Section 6673 allows the Court to impose a penalty, payable to the United States, and not in excess of $25,000, whenever it appears that (1) the proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (2) the taxpayer's position in such proceeding is frivolous or groundless, or (3) the taxpayer unreasonably failed to pursue available administrative remedies.

Respondent has moved for imposition of such a penalty because of petitioner's lack of cooperation and reliance on frivolous arguments early in the Court proceeding. However, petitioner has since renounced many of her frivolous positions and was reasonably cooperative at trial. The Court will refrain from imposing such a penalty at this time; however, petitioner is hereby warned that penalties may be imposed in the future if she again decides to advance frivolous arguments. Accordingly, respondent's motion to impose a penalty under section 6673 will be denied.

**[*19]** The Court has considered all arguments the parties have made, and to the extent not discussed herein, we find that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Order and decision will be entered under Rule 155</u>.